IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,649-01






EX PARTE TERRY CHARLES HICKMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 09-06762-A IN THE 252ND JUDICIAL DISTRICT COURT


FROM JEFFERSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to theft and
originally received four years' deferred adjudication community supervision. His guilt was later
adjudicated and he was sentenced to two years' state jail imprisonment.

 Applicant contends, inter alia, that his counsel rendered ineffective assistance because 
counsel failed to timely file a notice of appeal. Applicant alleges that the adjudicating court asked
him whether he wanted to appeal, and that he responded that he did. However, Applicant alleges
that appellate counsel was never appointed, and he believes that trial counsel failed to file a notice
of appeal on his behalf.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall first supplement the record with a transcript of the adjudication
proceedings. The trial court shall make findings of fact as to whether Applicant did state that he
wanted to appeal after adjudication, and if so, whether trial counsel filed a notice of appeal on his
behalf. The trial court shall make findings as to whether appellate counsel was ever appointed, and
as to whether trial counsel was permitted to withdraw from the representation. The trial court shall
make findings as to whether Applicant was denied his right to a meaningful appeal because
Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: April 20, 2011

Do not publish